**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| EVAN COOPER,<br><br>Plaintiff,<br>v.<br><br>DEPARTMENT OF THE NAVY, *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-CV-1479 (PTG/IDD) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS**
**SUPPLEMENTAL BRIEF REGARDING THE ADMINISTRATIVE RECORD**

COMES NOW, the Plaintiff, through undersigned counsel, and respectfully submits this reply to Defendants' Response to his Supplemental Brief regarding the incompleteness of the administrative record (Dkt. 31).

Because nothing in the Defendants' response brief adequately rebuts the Plaintiff's position in his Supplemental Brief, this Court should order that the administrative record be supplemented with the documents requested and/or the plaintiff should receive discovery as further outlined below.

## I. Defendants Mischaracterize Plaintiff's Request

Defendants argue that Plaintiff seeks to supplement the record with documents that were not before the Board for Correction of Naval Records ("BCNR") that he is responsible for providing. That is not Plaintiff's position. Plaintiff's argument is that the administrative record certified to this Court is incomplete because it omits materials that may be or were directly relevant to the issues presented to the BCNR and were uniquely within the Navy's exclusive possession and control. The question is not whether Plaintiff personally submitted the Office Disciplinary Notebook ("ODN") records or the Promotion Zone Lineal List. The question is whether those

materials formed part of the universe of information that the agency reasonably should have considered in adjudicating Plaintiff's application. The administrative record must contain all materials directly or indirectly considered by agency decisionmakers. An agency may not shield relevant information from judicial review merely by declining to obtain or review records that reside exclusively within the agency itself.

**II. The Authorities Cited by Defendants Do Not Resolve the Issue**

Defendants rely on cases stating that judicial review ordinarily is confined to the administrative record. Plaintiff does not dispute that principle. However, those authorities address attempts to introduce genuinely extra-record evidence. Plaintiff instead seeks completion of the record where relevant agency materials are absent. In addition, the current inquiry before the court is whether the decision being challenged was arbitrary and capricious. The materials requested are directly relevant to that inquiry. Furthermore, the ODN and the Promotion Zone Lineal List are not private documents created after the agency action. They are official Department of the Navy records maintained by the agency itself. Plaintiff identified those sources to the BCNR because they bear directly on disparate treatment, comparative discipline, relative standing, and the propriety of the challenged personnel decisions. An agency cannot create a self-limiting record by electing not to consult information that bears directly on the issues before it and then invoke the presumption of regularity to prevent judicial scrutiny into its own documents and practices.

**III. The BCNR's Regulations Do Not Relieve the Agency of Its Obligations**

Defendants rely on 32 C.F.R. § 723.4(e)(1) for the proposition that it is the applicant's responsibility to procure evidence not contained in official Navy records. That regulation does not adequately resolve the issue presented here. The records at issue *are* official Navy records maintained by the Department itself. Plaintiff repeatedly identified those records and explained

their relevance. Unlike records held by third parties, the ODN and Promotion Zone Lineal List were accessible only to the Navy.

The Government's position and interpretation of the regulations would create a hopelessly circular process under which an applicant may be denied access to agency-controlled records and information, the BCNR may refuse to obtain or consider it, and the agency may then argue in federal court that judicial review is confined to an administrative record from which the information is absent. Such an approach undermines meaningful APA review.

## IV. Defendants Have Not Adequately Addressed the Missing Page

With respect to the omitted page identified in Plaintiff's Supplemental Brief, Defendants state only that they were unable to locate it after a search and that Plaintiff likewise has been unable to locate a copy. That response does not establish that the page never existed, nor does it explain the scope of the agency's search, the records examined, the custodians consulted, or the efforts undertaken to reconstruct the document. There can be no credible argument that the plaintiff is responsible for maintaining the administrative record. Ensuring record completeness is squarely the Navy's responsibility. Where, as here, there is a substantial question concerning the completeness of the certified record, courts routinely require the agency to provide additional information regarding its record-compilation process. At a minimum, Plaintiff respectfully submits that the Court should require the Defendants to supply a declaration describing:

1. The scope of the search conducted for the missing page;
2. The individuals who participated in that search;
3. The repositories considered or examined;
4. Whether archived or historical versions of the file were reviewed; and
5. Whether the page may have been omitted during scanning, indexing, or production.

Without such information, neither Plaintiff nor the Court can evaluate the adequacy of the agency's representations. Absent certification from the agency regarding these key details, the Plaintiff and the court are in the dark. Representations of counsel are not evidence and are not adequate under the circumstances.

### V. Alternative Relief

Should the Court decline to order immediate completion of the record, Plaintiff respectfully requests targeted discovery directed solely to the issue of record completeness, including the existence, location, and consideration of the ODN records, the Promotion Zone Lineal List, and the missing page identified in Plaintiff's supplemental filing. Such narrowly tailored relief would impose a minimal burden on the Navy while ensuring meaningful judicial review under the Administrative Procedure Act.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Order completion of the administrative record to include the agency-controlled materials identified in Plaintiff's Supplemental Brief;

2. Require Defendants to provide a sworn declaration from an appropriate witness regarding the search for the missing page and the process used to compile the administrative record; and

3. Grant such further relief as the Court deems just and proper.

Date: September 3, 2026

Respectfully submitted,

*/s/ David S. Jonas*
David S. Jonas, VSB No. 94272
Fluet 1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
T: (703) 590-1234
F: (703) 590-0366
djonas@fluet.law
e-file@fluet.law

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2026, I caused the foregoing to be served on all counsel of record for the Defendants via CM/ECF.

*/s/ David S. Jonas*
David S. Jonas, Esq.